The master, in his report upon the administration of Simonton's assets, had allowed his executors for payments to the amount of ten thousand eight hundred and forty-three dollars and twenty-five cents, made just before taking the account, upon sundry judgments quando, which were entered up against them at February Term, 1827, of Iredell County Court, upon process sued out in August and November previous. These payments were partial, and the master returned a separate report upon those judgments, from which it appeared that there was still a balance of fifteen thousand two hundred and sixteen dollars and twenty-one cents due upon them.
The executors of Simonton and Worke were made parties to this suit sci.fa., which was served in November, 1826.
The master in his report allowed the executors of Simonton three thousand three hundred and fifty-seven dollars and fifty-four cents, which the plaintiff contended was for payments upon simple contract debts made after they were served with process in this suit.
There were to this report many exceptions taken by the plaintiff, but the seventh and eighth referred to the two allowances above *Page 46 
mentioned, and it was admitted that if these two were against the plaintiff, or if the judgments quando had a preference over his claim, it was useless to consider the others, as the judgments would absorb everything with which he could by them, if they were sustained, charge the executors.
Similar questions arose upon the report concerning the administration (47) of Worke's assets, which need not be stated. But on this part of the report a question was made by an exception of the plaintiff, founded on the fact that the executors of Worke, after his death, received from the executors of Simonton his full share of the profits of the partnership, amounting to three thousand six hundred dollars. The plaintiff contended that the sum was not of the assets of Worke, but was partnership effects with which his executors were liable, as they came to their hands specifically.
The questions made by these exceptions were argued several times by
The two exceptions may be considered together, so far as they involve the effect of payments actually made by the executors. The Court believes from a cursory examination that the last is not founded in fact, where it treats the debts as being due on simple contracts. But the case is not decided on that question of fact because, deeming it immaterial, the inquiry has not been thoroughly pursued. Assuming them to be on simple contracts, their grade is the same with the demand of the plaintiff, which is but a simple contract, being the claim of a partner without articles. The argument of the plaintiff is that filing the bill or serving process upon the executors is a restraint upon their power to give preference to other creditors in like degree. We do not think that is the rule in a court of equity. It is so at law after a plea, and in some instances after a process served. In equity, also, when a creditor sues on behalf of himself and the other creditors, a decree to account ties up the hands of the executors from giving or allowing preferences. The creditors must come in under the decree, which all can do according to their legal priorities, but if the executor voluntarily pays a creditor, he will not be allowed it in his account. Perry v. Philips, 1 Ves. Jun., 251; 10 ib., 34; Paxton v. Douglas, 8 ib., 521. But a mere (48) decree, much less the filing of a bill for an account of the plaintiff's own demand, or for an account of the assets to satisfy the single debt of the plaintiff, is not an obstacle to the payment of judgments by the executor, nor, it seems, other demands of equal dignity *Page 47 
with the plaintiff's; but the plaintiff's decree must, to that purpose, be final. Thus Sir John Leach lays it down in Maltby v. Russell, 2 Sim. 
Stu., 227, upon the authority of the House of Lords, reversing the decree in Davidson v. Lord Oxford, Pr. Chanc., 188, and the Vice-Chancellor allowed the executor in account the payments made by him to other creditors, after the bill filed, with the view of giving them the preference. This the creditor may prevent by filing his bill on behalf of all the creditors, which perhaps, in fairness, he ought; and if he will not do so, equity will not help him to a preference upon any less ground than his getting a final decree, which is in the nature of a judgment. For this reason the second, seventh, and eighth exceptions of the plaintiff must be overruled.
But the seventh exception could not be supported for another reason. The accounts have not been taken with a view to ascertain the state of assets at the time the quando judgments were taken, and it does not appear with precision. But an examination of the account satisfies the Court that the executors were largely in advance for the estate at that time, and that assets to a much larger amount than all those judgments have come to the executors' hands since the judgments were rendered, which have been applied partly to the previous absolute judgments, partly to the quando judgments, and partly remain to be applied to the same judgments. When applied, more than fifteen thousand dollars will remain unsatisfied of principal and interest. At law, the defendants would be fixed with those assets when the plaintiffs shall sue out scire facias, and of course they would be made to pay them twice, if decreed against them here. It is a mistake to suppose that assets to a much larger amount than all the quando judgments have not been received since they were entered up. The payments on them were therefore proper, and the balance in the executors' hands must yet be paid to those now unsatisfied; and so the decree (49) will declare.
The decision of these points render it useless to go through the plaintiffs' other exceptions, since if they were all allowed the sums excepted against would not form a fund equal to the balance due on the preferable and unsatisfied judgments, and the Court is unwilling unnecessarily to conclude any person in respect to the other matters of the account.
It was formerly ordered in this cause that the estate of Robert Worke must account with the plaintiff for the sums received as his part of the profits of the partnership from Simonton's executors. That money was received by the defendants, Worke's executors, after his death, and pending this suit. A question presents itself whether, as the character of the fund was not changed in respect to the plaintiff, those defendants *Page 48 
are personally bound to answer to him upon their own receipt of the money. The Court has formed no conclusive opinion on the point as, whatever may be the rights of the parties, the plaintiff, we think, cannot in the present proceedings treat that sum otherwise than as assets of the testator, Worke, and must abide in this suit by their administration as such. The defendants are brought in by scire facias as executors merely, and are not charged by any supplemental bill upon their own acts. Taking it to be assets, it has been duly administered. Whether the defendants can be made personally liable in equity in another proceeding we give no opinion on, nor have we formed one.
We suppose the points ruled to be decisive against the relief of the plaintiff against either set of executors, and therefore, without passing upon any of the other exceptions of either party, direct the bill to be dismissed as against the executors of Simonton and of Worke, without costs to either side.
PER CURIAM. Decree accordingly.
Cited: Sandridge v. Spurgeon, 37 N.C. 277; Wadsworth v. Davis,63 N.C. 253; Wilson v. Bynum, 92 N.C. 724; S. v.Georgia Co., 112 N.C. 43.
(50)